

**Notice of Service of Process**

**null / ALL**
**Transmittal Number: 25240726**
**Date Processed: 07/19/2022**

| | |
|---|---|
| **Primary Contact:** | Andrew Akey<br>Menard, Inc.<br>5101 Menard Dr<br>Eau Claire, WI 54703-9604 |
| **Electronic copy provided to:** | Emily Hawke-James<br>Jim McMenomy<br>Meghan Olson<br>Todd Lemanski<br>Brianna Varanko |

| | |
|---|---|
| **Entity:** | Menard, Inc.<br>Entity ID Number  0033810 |
| **Entity Served:** | Menard, Inc. |
| **Title of Action:** | Pilar Pomer and on behalf of all others similarly situated  vs. Menard, Inc. |
| **Matter Name/ID:** | Pilar Pomer and on behalf of all others similarly situated  vs. Menard, Inc. (12580237) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Eau Claire County Circuit Court, WI |
| **Case/Reference No:** | 2022CV000345 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 07/19/2022 |
| **Answer or Appearance Due:** | 45 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Hawks Quindel, S.C.<br>608-257-0040 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **EAU CLAIRE**

Pilar Domer vs. Menard, Inc.

**Electronic Filing
Notice**

FILED
07-14-2022
Clerk of Circuit Court
Eau Claire County, WI
2022CV000345
Honorable Michael A
Schumacher
Branch 2

Case No. 2022CV000345
Class Code: Other-Contract

MENARD, INC.
5101 MENARD DRIVE
EAU CLAIRE WI 54703

Case number 2022CV000345 was electronically filed with/converted by the Eau Claire County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: f40532**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-839-4816.

Eau Claire County Circuit Court
Date: July 14, 2022

PROCESS SERVER

7/19/22     1545

DATE / TIME

GF-180(CCAP), 11/2020 Electronic Filing Notice

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
07-14-2022
Clerk of Circuit Court
Eau Claire County, WI
2022CV000345
Honorable Michael A
Schumacher
Branch 2

STATE OF WISCONSIN   CIRCUIT COURT   EAU CLAIRE COUNTY

**PILAR DOMER**
on behalf of herself and all others
similarly situated
3339 Michigan Street
Hobart, IN 46342

      Plaintiff,

v.

**MENARD, INC.**
5101 Menard Drive
Eau Claire, WI 54703

      Defendant.

Case No.: 22-cv-
Case Code: 30303

**JURY TRIAL DEMANDED**

---

## SUMMONS

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes.

The answer must be sent or delivered to the court, whose address is Eau Claire County Courthouse, 721 Oxford Avenue, Eau Claire, WI 54703 and to Hawks Quindel, S.C., Plaintiff's attorneys, whose address is 409 East Main Street, Madison, WI 53703. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 14th day of July, 2022.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiffs and the proposed classes*


By:___*/s/ Nicholas E. Fairweather*_____
Nicholas E. Fairweather, State Bar No.: 1036681
Email: nfairweather@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

**KALIELGOLD, PLLC**
Jeffrey D. Kaliel*
Email: jkaliel@kalielpllc.com
Sophia Goren Gold*
Email: sgold@kalielgold.com

1100 15th Street NW, 4th Floor
Washington, DC 20005

950 Gilman Street, Suite 200
Berkeley, CA 94710
Telephone: (202) 350-4783

\* *Pro hac vice* application to be filed

*Attorneys for Plaintiff and the proposed classes*

3

FILED
07-14-2022
Clerk of Circuit Court
Eau Claire County, WI
2022CV000345
Honorable Michael A
Schumacher
Branch 2

STATE OF WISCONSIN   CIRCUIT COURT   EAU CLAIRE COUNTY

**PILAR DOMER**
on behalf of herself and all others
similarly situated
3339 Michigan Street
Hobart, IN 46342

      Plaintiff,

v.

**MENARD, INC.**
5101 Menard Drive
Eau Claire, WI 54703

      Defendant.

Case No.: 22-cv-
Case Code: 30303

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Pilar Domer, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through her attorneys as follows:

### NATURE OF ACTION

1.     This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant, Menard, Inc. ("Menard's" or "Defendant"), arising from its deceptive bait-and-switch scheme of covertly adding a $1.40 fee *for each product* ordered on its website for in-store pickup. For example, if a customer orders a can of paint, a paintbrush, some masking tape, and a drop cloth for pickup in-store, Menard's will assess a fee of $5.60 in addition to the listed purchase price of the item.

2.      Upon information and belief, Menard's is the only major retailer in the U.S. to charge its customers for *picking up items in its stores*—in other words, to charge a fee for a Menard's employee to move an item from one part of the Menard's store to another part of the same store.

3.      Worse, Menard's never reasonably informs its online customers of this add-on fee.

4.      Rather, Menard's website provides prominent price displays for each of its products. Reasonable consumers like Plaintiff understand those are the <u>true and complete prices for the products</u>, exclusive of government-imposed taxes and discounts that a customer may be eligible for.

5.      But Menard's website prices are not the true prices for those products. In fact, the true prices are all $1.40 higher than listed. That is because <u>after</u> consumers select items based on listed prices, and after the purchase process is substantially complete, Defendant surreptitiously imposes an additional $1.40 per item. This late addition of the $1.40 per item fee substantially changes the in-store prices upon which Plaintiff and other purchasers rely while shopping.

6.      Worse, the add-on fee is never reasonably disclosed to consumers. Indeed, and as occurred with Plaintiff, the fee is simply added to an order total with no further explanation:

Below is a summary of your order:

| | | | |
|---|---|---|---|
| **Shipping Group 1** | **VALPARAISO** | | |
| • Order #: VALP32776 | 351 SILHAVY RD | | |
| • Pick Up At Store | VALPARAISO , IN  46383 | | |

| Description | Quantity | Status | Price |
|---|---|---|---|
| Pittsburgh Paints & Stains® Paramount® Exterior Flat Guacamole Paint & Primer - 1 qt.<br>Model Number: GUACAMOLE_MEN7173-4_PA_EXT_FL_04 | 1 | Processed | $22.98 |

**Order Summary:**
Order Confirmation Number : 28832451
Order Date: 04/22/2021
Transaction ID: 9120
Register ID: 78
Subtotal: $24.38
Tax: $1.71

Order Total: $26.09

**Payment Information:**
Credit Card: Visa ▮
**Billing Address:**
Pilar Domer
▮▮▮▮
Phone ▮

7.     Based on this order receipt, Plaintiff in fact had no idea she had been assessed an add-on fee of $1.40 at all.

8.     In short, the add-on fee disguises a simple truth from Menard's customers like Plaintiff: Menard's wanted to raise prices on all of its products, uniformly, without appearing to have done so.

9.     Of course, Menard's is free to raise prices as much as it chooses and for whatever reasons it chooses. However, raising prices under the guise of an add-on fee was a deceptive bait and switch: here, the company raised prices without actually changing its listed prices on the website, in order to make its products appear less expensive than they actually were.

10.     Defendant's double-edged deception—first, touting website prices that are false; second, never reasonably disclosing the add-on fee until after a purchase is complete (and only then, in a subtly inflated price on a receipt)—gives it an unfair advantage over honest sellers in the marketplace. The double-edged deception makes it impossible for consumers to comparison shop meaningfully, and hinders the

3

operation of a free and fair marketplace.

11.    Plaintiff seeks damages and, among other remedies, injunctive relief that fairly allows customers to decide whether they will pay Menard's true product prices, after the add-on fee is added.

## PARTIES, JURISDICTION, VENUE

12.    Plaintiff, Pilar Domer, is a citizen of the State of Indiana who resides in Hobart, Indiana.

13.    Defendant, Menard, Inc., is incorporated in Wisconsin and maintains its principal business offices in Eau Claire, Wisconsin. Defendant regularly conducts business in Illinois and operates store locations in this state.

14.    This Court has original, subject matter jurisdiction of this action under Wis. Stat. § 801.04.

15.    Venue is proper in this Circuit Court pursuant to Wis. Stat. § 801.50 because Menard's is based here and does substantial business here.

## COMMON FACTUAL ALLEGATIONS

**A.    Menard's Omits and Conceals Material Facts About the Total Cost of Purchases by Deceptively Tacking on an Add-on Fee to All Items.**

16.    Instead of raising the advertised prices of its individual items for sale on its website, Defendant began tacking on a $1.40 per item add-on fee to all items purchased by customers for pickup at each of their Menard's stores across the country. (Multiples of the same purchased item only incur a single fee, however).

17.    By furtively adding a hidden add-on fee onto each item offered for sale on its website, Menard's unfairly obscured the true price of each item.

4

18.     Reasonable consumers like Plaintiff understand the advertised prices on the website are the <u>true and complete prices for the products</u>, exclusive of government-imposed taxes and discounts that a customer may be eligible for.

19.     As the Los Angeles times reported, "'Hidden surcharges undermine consumers' ability to shop around for the best value for their money,' said Jenn Engstrom, state director for the California Public Interest Research Group."

20.     Menard's' scheme prevented consumers from effectively comparison shopping.

21.     Indeed, on its website, Menard's prominently advertises the price of all of its products. These price representations are important: as Menards knows, price is extremely important to consumers in choosing whether to buy a product or take their business elsewhere.

22.     Unbeknownst to consumers, however, Menards quietly adds a $1.40 per item add-on fee to the total order amount.

23.     The add-on fee is never reasonably disclosed to consumers until it shows up as a line item on their receipts—after the purchase is complete. This process fails to provide an adequate advance warning to customers that an add-on fee will be imposed on their purchases.

**B.     Plaintiff's Experience.**

24.     Plaintiff made a purchase of a can of paint online for pickup at a Menard's store located in Valparaiso, Indiana on April 21, 2021. The can of paint cost $22.98, according to the website price listing.

5

25.     Relying upon price displays provided on the website, Ms. Pilar purchased the can of paint for pickup.

26.     Without her knowledge, she was actually charged $24.38 for the can of paint.

27.     At no time prior to her purchase did Ms. Domer view any disclosure informing her that a $1.40 add-on fee would be added to her purchase, or that her can of paint would actually cost $24.38.

28.     The email receipt provided to her provides no such disclosure:

Below is a summary of your order:

**Shipping Group 1**
- Order #: VALP32776
- **Pick Up At Store**

VALPARAISO
351 SILHAVY RD
VALPARAISO , IN  46383

| Description | Quantity | Status | Price |
|---|---|---|---|
| Pittsburgh Paints & Stains® Paramount® Exterior Flat Guacamole Paint & Primer - 1 qt. Model Number: GUACAMOLE_MEN7173-4_PA_EXT_FL_04 | 1 | Processed | $22.98 |

**Order Summary:**
Order Confirmation Number : 28832451
Order Date: 04/22/2021
Transaction ID: 9120
Register ID: 78
Subtotal: $24.38
Tax: $1.71

Order Total: $26.09

**Payment Information:**
Credit Card: Visa ▮
**Billing Address:**
Pilar Domer
▮▮▮▮▮▮
Phone▮

29.     In fact, she did not know she was assessed such a fee until well after her purchase.

30.     Accordingly, at no time prior to her purchase did Ms. Domer realize that Menard's would furtively affix a price increase on her transaction.

31.     Had Ms. Dunham known that the add-on fee would be assessed on her purchase, she would not have agreed to pay the higher price.

## CLASS ALLEGATIONS

32.     Pursuant to Wis. Stat. § 803.08, Plaintiff brings this action on behalf of herself and Classes of similarly situated persons defined as follows:

**Nationwide Class:**

All persons who, within the applicable statute of limitations, made an online purchase for pickup at a Menard's store and were charged a $1.40 per item add-on fee.

**Indiana Class:**

All persons in Indiana who, within the applicable statute of limitations, made an online purchase for pickup at a Menard's store and were charged a $1.40 per item add-on fee.

33.     Excluded from the Classes are Defendant, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees, and members of such persons' immediate families, and the presiding judge(s) in this case and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including, without limitation, the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

34.    **Numerosity**: At this time, Plaintiff does not know the exact size of the Classes; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Classes members are well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

35.    **Commonality**: There are questions of law or fact common to the Classes, including the following, without limitation:

a.    Whether during the class period, Defendant deceptively engaged in a bait-and-switch scheme with customers regarding its add-on fee that it assessed on all purchases made for pickup in its Menard's stores;

b.    Whether during the class period, Defendant made material omissions regarding its add-on fee;

c.    Whether during the class period, Defendant failed to sufficiently inform reasonable customers of its add-on fee;

d.    Whether Defendant's alleged misconduct misled or had the tendency to mislead customers;

e.    Whether Defendant's alleged conduct constitutes violations of the laws asserted;

f.    Whether Plaintiff and the Classes were harmed by Defendant's misrepresentations and omissions;

g.   Whether Plaintiff and the Classes have been damaged, and if so, the proper measure of damages; and

h.   Whether an injunction is necessary to prevent Defendant from continuing to deceptively assess the add-on fee on customers' purchases at its Menard's stores and/or to order Defendant to sufficiently disclose to customers the add-on fee prior to making their purchases.

36.   **Typicality:** Like Plaintiff, many other customers made purchases at Menard's stores without understanding that the add-on fee would be added to their transactions. Plaintiff's claims are typical of the claims of the Classes because Plaintiff and each Class member was injured by Defendant's false representations and omissions about the add-on fee. Plaintiff and the Classes have suffered the same or similar injury as a result of Defendant's false, deceptive, and misleading representations. Plaintiff's claims and the claims of the Classes emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Classes, and, therefore, class treatment is appropriate.

37.   **Adequacy of Representation:** Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiff will fairly and adequately represent the interests of the Classes and does not have any interests adverse to those of the Classes.

9

38.    **The Proposed Classes Satisfy the Prerequisites for Injunctive Relief**:

Defendant has acted or refused to act on grounds generally applicable to the Classes,

thereby making appropriate final injunctive and equitable relief with respect to the

Classes as a whole. Plaintiff remains interested in making purchases at Menard's

stores in the future; there is no way for them to know when or if Defendant will cease

deceptively misrepresenting the true cost of each purchase transaction through

affixing the add-on fee.

39.    Specifically, Defendant should be ordered to provide customers with

sufficient disclosures about the add-on fee *prior* to their decision to make purchases

at Menard's locations and not when it is too late for the customer to rescind their

purchase.

40.    Defendant's ongoing and systematic practices make declaratory relief

with respect to the Class appropriate.

41.    **The Proposed Classes Satisfy the Prerequisites for Damages**: The

common questions of law and fact enumerated above predominate over questions

affecting only individual members of the Classes, and a class action is the superior

method for fair and efficient adjudication of the controversy. The likelihood that

individual members of the Classes will prosecute separate actions is remote due to

the extensive time and considerable expense necessary to conduct such litigation,

especially when compared to the relatively modest amount of monetary, injunctive,

and equitable relief at issue for each individual Class member.

10

**FIRST CLAIM FOR RELIEF**
**Violation of The Indiana Deceptive Consumer Sales Act**
**(On Behalf of Plaintiff and the Indiana Class).**

42.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

43.    The purposes and policies of the Indiana Deceptive Consumer Sales Act (the "DCSA"), Indiana Code § 24-5-0.5-1 to -12, are to:

1.    Simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices;

2.    Protect consumers from suppliers who commit deceptive and unconscionable consumer sales practices; and

3.    Encourage the development of fair consumer sales practice.

Ind. Code § 24-5-0.5-1(b).

44.    The General Assembly has instructed courts to construe the DCSA liberally to promote these purposes and policies. Ind. Code § 24-5-0.5-1(a).

45.    Menard's is a "supplier" as defined in the DCSA because it is a seller or other person who regularly engages in or solicits consumer transactions, which are defined to include sales of personal property, services, and intangibles that are primarily for a personal, familial, or household purpose, such as those at issue in this action. Ind. Code § 24-5-0.5-2(1), (3).

11

46.    The DCSA provides that "[a] supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of [the DCSA] whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." Ind. Code § 24-5-0.5-3(a).

47.    The DCSA further provides:

Without limiting the scope of subsection (a) the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts:

1.    That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.

2.    That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. . . .

Ind. Code § 24-5-0.5-3.

48.     Menard's committed deceptive acts, including, but not limited to:

a.      Misrepresenting prices; and

b.      Covertly adding a $1.40 per item fee without adequate or fair disclosure.

49.     Menard's violations were willful and were done as part of a scheme, artifice, or device with intent to defraud or mislead, and therefore are incurable deceptive acts under the DCSA.

50.     The DCSA provides that "[a] person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (i) three (3) times the actual damages of the consumer suffering the loss; or (ii) one thousand dollars ($1,000). Ind. Code § 24-5-0.5-4(a).

51.     The DCSA provides that "[a]ny person who is entitled to bring an action under subsection (a) on the person's own behalf against a supplier for damages for a deceptive act may bring a class action against such supplier on behalf of any class of persons of which that person is a member . . . ." Ind. Code § 24-5-0.5-4(b).

52.     Had Plaintiff and members of the Indiana Class been aware that they were going to be charged different prices than those listed on the website, Plaintiff and members of the Indiana Class would not have entered into such transactions and would not have incurred the additional fees.

53.    As a direct and proximate result of Defendant's unfair and deceptive acts and practices in violation of the DCSA, Plaintiff and members of the Indiana Class have paid more for Menard's produce than they should have and have suffered monetary damages for which Defendant is liable.

54.    Plaintiff and members of the Indiana Class seek actual damages plus interest on damages at the legal rate, as well as all other just and proper relief afforded by the DCSA. As redress for Defendant's repeated and ongoing violations, Plaintiff and members of the Indiana Class are entitled to, *inter alia*, actual damages, treble damages, attorneys' fees, and injunctive relief.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF WIS. STAT. § 100.18
#### (On Behalf of Plaintiff and the Classes).

55.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

56.    Defendant made representations to Plaintiff and members of the putative Classes with the intent to induce an obligation, *i.e.*, product prices listed on its website.

57.    The representations by Defendant, as stated above, were untrue, deceptive, or misleading.

58.    Plaintiff and members of the putative Classes did not discover Defendant's untrue, deceptive, or misleading representations until after they had made purchases.

14

59.   Defendant's misrepresentations materially caused pecuniary losses to Plaintiff and members of the putative Classes.

### THIRD CLAIM FOR RELIEF
**Breach of Contract**
**(Asserted on behalf of the Classes).**

60.   Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

61.   Plaintiff and Menard's have contracted for the sale and purchase of consumer products, as embodied by Defendant's pricing representations made on its website.

62.   Defendant breached the terms of its contract with customers by charging an additional $1.40 for each item purchased for pickup, over and above the contracted for listed price of each item on the website

63.   Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

64.   Plaintiff and members of the Class have sustained damages as a result of Defendant's breach of the contract.

### FOURTH CLAIM FOR RELIEF
**Unjust Enrichment**
**(Asserted on behalf of the Classes).**

65.   Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

66.   This Count is brought solely in the alternative. Plaintiff acknowledges that the breach of contract claim cannot be tried along with unjust enrichment.

67.     To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

68.     Defendant unfairly, deceptively, unjustly, and/or unlawfully seized and accepted said benefits which, under the circumstances, would be unjust to allow Defendant to retain.

69.     Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of herself and the Classes seek judgment in an amount to be determined at trial, as follows:

a.     For an Order enjoining Defendant from continuing the unlawful practices set forth above;

b.     For declaratory and injunctive relief as set forth above;

c.     For an Order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

d.     For compensatory damages according to proof;

e.     For punitive damages according to proof;

f.     For reasonable attorneys' fees and costs of suit;

g.     For pre-judgment interest; and

h.     Awarding such other and further relief as this Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated this 14th day of July, 2022.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiffs and the proposed classes*


By:    */s/ Nicholas E. Fairweather*
Nicholas E. Fairweather, State Bar No.: 1036681
Email: nfairweather@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

**KALIELGOLD, PLLC**
Jeffrey D. Kaliel*
Email: jkaliel@kalielpllc.com
Sophia Goren Gold*
Email: sgold@kalielgold.com

1100 15th Street NW, 4th Floor
Washington, DC 20005

950 Gilman Street, Suite 200
Berkeley, CA 94710
Telephone: (202) 350-4783

* *Pro hac vice* application to be filed

*Attorneys for Plaintiff and the proposed classes*